UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM REINSTEIN | : | |
| 2980 Clarkshaw Rd. | | |
| Powell, OH  43065 | : | CASE NO. 2:18-cv-00987 |
| | | |
| Plaintiff | : | JUDGE: |
| | | |
| vs. | : | MAGISTRATE JUDGE: |
| | | |
| OMNICOM GROUP HEALTH & | | |
| WELFARE BENEFIT PLAN | | |
| 437 Madison Avenue | | |
| New York, NY  10022-7001 | | |
| | : | **COMPLAINT** |
| and | | |
| | : | |
| LIFE INSURANCE COMPANY OF | | |
| NORTH AMERICA | : | |
| Cigna Legal | | |
| Attention:  Donna Gaudet | : | |
| Incoming Legal Coordinator | | |
| 900 Cottage Grove Rd., B6LPA | : | |
| Hartford, CT  06152 | | |
| | : | |
| Defendants | | |

Now comes the Plaintiff, Adam Reinstein, by and through counsel, and for his

Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1.      Jurisdiction of the Court is based upon the Employee Retirement Income

1

Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f).

These statutory provisions give district courts jurisdiction to hear civil actions brought to

recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case,

the Plaintiff, Adam Reinstein, asserts a claim for group waiver of premium term life

insurance coverage available under a life insurance Plan provided for the employees of

The CDM Group / Omnicom Benefits, Inc. (hereinafter the "Plan"). The Plan and policy

documents should be included in the Administrative Record that Defendants file with this

Court.   This action is also brought pursuant to 28 U.S.C. § 1331 which gives district

court's jurisdiction over actions that arise under the laws of the United States.

2.       The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for

administrative or internal appeal of benefit denials.  Plaintiff has exhausted those avenues

of appeal.


## NATURE OF ACTION

3.       Plaintiff, Adam Reinstein, seeks reinstatement of waiver of premium term

life insurance coverage, pursuant to an Employee Welfare Benefit Plan providing group

disability benefits to employees of The CDM Group, a subsidiary of Omnicom.   This

action is brought pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).   Plaintiff

also seeks to enforce the right to future benefits and demand that Defendants account for

past benefits and pay future benefits.

## THE PARTIES

4.      Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated and he could no longer work.   Plaintiff is now disabled.   Venue is proper in the Southern District of Ohio because the agreement providing waiver of premium term life insurance benefits was breached in Delaware County, Powell, Ohio.

5.      At all times relevant hereto, the Omnicom Group Health & Welfare Benefit Plan included term life insurance plans which constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1).   Plaintiff became disabled while a beneficiary of the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).   This claim is for reinstatement of benefits under the foregoing Plan.

6.      The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Life Insurance Company of North America, a CIGNA company (hereinafter, "LINA").   The LINA insurance policy issued to Omnicom Benefits, Inc. was delivered in the State of Texas.

## STATEMENT OF FACTS

7.      Adam Reinstein left work at The CDM Group on November 8, 2010.  Mr. Reinstein suffers from persistent neuropathic pain secondary to post lumbar fusion; degenerative disc disease; and lumbar radiculopathy, which prevented him from performing his highly skilled occupation as a Group Copy Supervisor.

3

8.      Mr. Reinstein worked for The CDM Group as a "Group Copy Supervisor" which is described as a highly skilled, light physical demand occupation.  Mr. Reinstein was paid in excess of $100,000.00 *per annum* to perform this occupation.

9.      As part of Mr. Reinstein's benefits for working at The CDM Group, he had access to term life insurance coverage.  It is Plaintiff's belief that this policy has a face value over $100,000.00.

10.     Mr. Reinstein became disabled under the terms of the long-term disability plan on February 8, 2011 (and continues to receive long-term disability benefits to present) and was eligible to receive a waiver of his term life insurance premium by meeting the terms of the plan and the definition of disability.  Mr. Reinstein received a waiver of premium term life coverage from February 8, 2011 through January 7, 2016 (4 years 11 months).

11.     According to the premium waiver provision of the term life policy, the definition of disability relevant to Mr. Reinstein's waiver of premium term life coverage is,

> "An Employee is Disabled if, because of Injury or Sickness, he or she
> is unable to perform all the material duties of any occupation for which
> he or she may reasonably become qualified based on education,
> training or experience."

Thus, if this definition is satisfied, Plaintiff remains covered under the term life policy without the payment of further premiums to the insurer.

12.     LINA initially denied Plaintiff's waiver of premium term life benefit on January 7, 2016.  Plaintiff was denied waiver of premium term life benefits because Cigna's Medical Director, without examination, opined that Mr. Reinstein <u>would have no restrictions</u> except, "avoid sustained or repetitive overhead functional activities, ladders and unprotected heights."  A Transferable Skills Analysis was done which resulted in LINA stating that Mr. Reinstein could perform his highly skilled light occupation, "Group Copy Supervisor."

13.     Plaintiff appealed the January 7, 2016, denial on February 27, 2016 by supplying a letter of appeal and additional medical records.

14.     <u>On March 3, 2016, LINA's long-term disability department *required* that Mr. Reinstein complete a Functional Capacity Evaluation</u>, which showed that Mr. Reinstein would be unable to kneel or crawl; rarely climb regular stairs with cane; occasionally sit for 15 minutes, stand for 10 minutes and walk for 3 minutes; occasionally reach overhead with left upper extremity only, reach below waist to 20 inches above floor, fine manipulation/simple grasp/firm grasp with right upper extremity; lifting 7 pounds with left upper extremity, carrying 5 pounds with left upper extremity, pushing 40 pounds seated, pushing 50 pounds seated, balancing with a cane, stooping with cane, and crouching with cane.  Mr. Reinstein would be able to frequently reach at desk level with left upper extremity, frequently fine manipulate/simple/firm grasp with left upper extremity.  Additionally, the FCE showed that Mr. Reinstein would only be able to

tolerate a 3 hour work day and would need to use a straight cane with right upper extremity with all weight bearing tasks.

15.     Michael Randall, M.D., an employee of LINA, concluded (just two months after the work preclusive FCE), that Mr. Reinstein would be capable of frequently sitting with the ability to change position every hour; frequent ability to simple grasp, firm grasp, fine manipulate and use lower legs for foot controls; occasionally stand and walk with the ability to use a cane for balance, reach at all levels, push, pull, up to 40 pounds; lift and carry up to 10 pounds; balance with a cane, stoop with a cane, crouch with a cane, climb stairs with a cane and never climb ladders, kneel or crawl.  The opinion of Dr. Randall was not based upon examination.

16.     LINA issued its second denial dated June 2, 2016, based on its two non-examining peer review reports that provided restrictions and limitations that would allow Mr. Reinstein to perform the alternative occupation of Information Clerk on a 3 hour a day schedule.

17.     Plaintiff submitted a second voluntary appeal on August 24, 2016.  On September 9, 2016, LINA allegedly sent a letter dated September 9, 2016, directly to Mr. Reinstein advising that they would not accept his appeal dated August 24, 2016, because it did not contain new information.  Plaintiff never received the September 9, 2016, letter and upon request for an administrative record by Plaintiff's counsel in January 2017, a copy of LINA's September 9, 2016, letter was not included in its record.

18.     On December 5, 2016, Plaintiff, through counsel, faxed a letter to LINA requesting additional time to submit information and providing LINA with Mr. Reinstein's intent to appeal the denial of the waiver of premium term life claim.

19.     On March 24, 2017, Plaintiff's counsel wrote a letter to LINA requesting information on how an occupation could be performed in a 3 hour work day.  In response, your undersigned only received the term life insurance policy.  The policy does not contain any guidance as to how LINA interprets the definition of disability to include de minimis part-time work efforts.

20.     On March 27, 2018, a letter was received from LINA which stated,

> "Please be advised that the information requested is considered to be confidential and proprietary information and is not intended for duplication or distribution.  Furthermore, nothing contained in the requested information was solely relied upon or specifically considered in the determination of the above referenced claim
>
> Our decision utilized the medical evidence contained in the file, together with the policy.  We did not rely on any particular rules, guidelines, or protocol in making a determination on your client's claim." (Emphasis added)

21.     On April 5, 2017, Plaintiff's counsel wrote to LINA again and requested information that would explain how the definition of disability under the waiver of premium term life policy included part-time work.

22.     On April 13, 2017, counsel received another letter from LINA refusing to accept to Plaintiff's appeal to the waiver of premium term life insurance denial.

23.     On April 21, 2017, Plaintiff's counsel wrote a letter to LINA detailing the chronology of events as it related to Mr. Reinstein's submission of his August 24, 2016, appeal, which was located in the administrative record.

24.     On May 9, 2017, Plaintiff's counsel wrote to LINA again and expressed concern over its refusal to accept Plaintiff's second voluntary appeal.  The letter expressed that it would cause no harm to either LINA or Mr. Reinstein for LINA to accept his appeal and that rejecting it is a breach of its fiduciary duty.

25.     On May 10, 2017, LINA affirmed its decision again to not accept Mr. Reinstein's appeal and your undersigned responded on May 22, 2017, expressing disbelief that LINA still refused to accept Mr. Reinstein's timely appeal.

26.     On May 31, 2017, LINA sent the same letter again reiterating its refusal to accept Mr. Reinstein's appeal.

27.     Despite Plaintiff's second voluntary appeal not being accepted, administrative remedies were considered exhausted after the first appeal was denied on June 2, 2016.

## FIRST CAUSE OF ACTION

### CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(3)

28.     Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 27 of the Complaint.

29.     Defendant Plan and LINA failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. LINA and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.  Additionally, LINA improperly rejected Plaintiff's request for a second appeal because the Plan and the law does not require "new evidence" to be submitted with each appeal.

30.     Plaintiff Reinstein is owed a fiduciary duty as beneficiary of the plan and Defendants have breached their fiduciary duty to Plaintiff by failing to administer the plan as written by disregarding evidence favoring Plaintiff.

31.     Defendant LINA has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.  The conflict of interest effected the decision to deny benefits.  The conflict allowed LINA to use its own directly compensated physician employees and nurse reviewers and allowed for an overreliance on non-examining

physicians' opinions.   The conflict of interest caused LINA to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.  The conflict of interest also impacted LINA's decision to avoid Plaintiff's request for a voluntary appeal.

32.     While Defendant LINA may have the authority to make claims determinations under applicable law and the language of the Policy, LINA's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo.*

33.     *De novo* review is mandated in this case pursuant to Texas Ins. Code Ann. § 1701.062, which prevents any policy of life or term insurance, including group life or term insurance to reserve discretion.  This statute was effective June 17, 2011 and applies to insurance contracts, "offered, issued, renewed or delivered" in Texas.  See 28 Tex. Admin. Code 3.1201.  This statute was not preempted by ERISA, see *Curtis v. Metlife,* Case No. 3:15-cv-2328, (NDTX, May 4, 2016, Judge Jane Boyle).  Thus, a *de novo* review is mandated by clearly established law.

34.     As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review.  Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

10

35.     If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, LINA's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by LINA in the evaluation of evidence.  Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by LINA and an examination of the record reveals that LINA's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

36.     Continuation of Plaintiff's premium waiver life insurance coverage is not dependent upon an exchange of money, rather, only the equitable remedy of reinstatement can force the Defendants to place Plaintiff back into the status as a covered insured who is entitled to continued premium waiver because of his disability status.

37.     LINA and the Plan has breached their fiduciary duty to Plaintiff by denying his coverage and engaging in the following acts:  1) Defendants have ignored evidence supplied by Plaintiff which supports his disability; 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue and an inability to persist; 4) Defendants have engaged in a selective review of evidence presented by the claimant; and 5) Defendants created vocational analysis that only examined evidence LINA favored and excluded evidence supplied by the Plaintiff.

38.     Defendants refused to accept Plaintiff's request for a voluntary appeal because of reasons not articulated in the plan document.

39.     Defendants are adding terms to its benefit plan that make the delivery of benefits illusory and are engaged in an unlawful rewriting of the plan to defeat Plaintiff's coverage.

40.     Plaintiff has exhausted his administrative remedies and the Plans still wrongfully deny benefits to which he is entitled.

41.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

42.     The group term life insurance Plan under which the Plaintiff Adam Reinstein was a participant at the time of his disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

43.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

44.     The Plan Administrator, the Plan and LINA failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of his due process.  See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. LINA offered no explanation of why claimant's evidence or its own Functional Capacity Evaluation was insufficient or why the evidence created by non-examining physicians was more reliable.

45.     Plaintiff is entitled to reinstatement of his premium waiver term life insurance coverage because he satisfies the terms of the plan and LINA's rejection of his claim is a breach of their fiduciary duty to Plaintiff under 29 USC 1132(a)(3).

**WHEREFORE**, Plaintiff, Adam Reinstein, prays for the following relief:

A.     That the Court enter judgment in Plaintiff Reinstein's favor and against the Defendants and that the Court order the Defendants to reinstate waiver of premium term life insurance benefits to Plaintiff Reinstein;

B.     That the Court declare Adam Reinstein's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendant to continue the waiver of premium term life insurance benefit until such time as the Court decides that he meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

C.     That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g); and

D.      That Plaintiff recovers any and all other relief to which he may be entitled,

as well as the costs of the suit.

Dated this 31st day of August, 2018

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Adam Reinstein